BRIDGES *et al.* v. DOOLY COUNTY.

If in resistance to an execution issued against him for county taxes,
the tax-collector denies on oath that he owes the money or any
part of it, the issue thus formed should be tried in the superior
court, even though no counsel should appear in behalf of the
county. The execution itself makes a *prima facie* case for the
plaintiff, and it is for the tax-collector to show that the amount, or
some part thereof, is not due. The court, having erroneously dis-
missed the case on account of the absence of counsel without ex-
cuse, committed no error in reinstating it at the next term on the
docket, upon motion of attorneys representing the county.
July 8, 1889.

Executions. Taxes. Illegality. Practice. *Onus.*
County matters. Before Judge KIBBEE. Dooly supe-
rior court. September term, 1888.

Reported in the decision.

BUZBEE & BRUNSON, J. H. MARTIN and DUNCAN &
MILLER, for plaintiffs in error. ·

No appearance *contra.*

BLECKLEY, Chief Justice.

An execution in favor of Dooly county against the
tax-collector and the securities of his official bond,
issued for the county taxes, was met by an affidavit
under section 525 of the code, which section declares :
"If such execution shall issue for too much, or if de-
fendant denies on oath owing any part thereof, he may,
by filing an affidavit of illegality, according to the rules
governing other illegalities, cause an issue to be formed
thereon, which shall be tried by a special jury at the
first term of the superior court thereafter." The case
was continued at the first term (September, 1887) under
an agreement of counsel that it should be finally dis-
posed of at the next term. At the second term (March,
1888), the court, on motion of defendants' counsel,
ordered that said case be dismissed, with the right of
plaintiff to move by the first day of the next term to have
it reinstated, such motion to be allowed provided it was
shown to the court that J. H. Hall, counsel for the
plaintiff, had a legal excuse for his absence, and not
otherwise. At the following term (September, 18~8),
a motion was made by the county, through J. H. Hall
and J. B. Holmes, its attorneys, to reinstate the case,
upon the ground that the order of dismissal was im-
providently granted, and was void on its face, the court
having no jurisdiction to pass it. To this motion the
tax-collector made an answer in writing, setting up,
among other things, that the order of dismissal was

granted by agreement of both parties on the terms specified in the order, and that Mr. Hall now stated that he had no legal excuse for his absence at the previous term.

As the court granted the order to reinstate the case notwithstanding this answer, we assume that the judge knew and remembered that the order to dismiss was not passed upon agreement of both parties. Indeed, the order shows upon its face that it was granted on motion of one of the parties, and it makes no reference to any agreement or consent whatsoever. The final action of the court in reinstating the case, is altogether inconsistent with the statement in the answer, that the dismissal was with the consent of the county; for how could the order of dismissal be improvident, void on its face, or without jurisdiction to pass it, if the county consented? Surely a court can turn any case out, or dismiss the same from its docket, if both parties legally consent thereto. As to who would have authority to represent the county in giving such consent in a case like this, we need not inquire. The statute directs that the issue formed on such affidavit of illegality shall be tried by a special jury; and the public revenue being involved, we think that in the absence of legal consent to dismiss, the only proper disposition of the case was to so try it. If counsel on behalf of the county did not appear, that would make no difference, since the case on the side of the county was made out by the execution itself. *Prima facie*, such an execution is to be taken as expressing and representing a real debt for the county taxes; and it is not for the county to support it by evidence, but for the defendant or defendants to meet and overcome it by evidence. The trial is accorded, not to give efficacy to the execution, but to allow opportunity for showing it invalid or inoperative in whole or in part. It seems to us that the dismissal

of such a case would leave the controversy undisposed of, or if disposed of, that it would leave the execution to be enforced by further ministerial proceedings, and that it would be not the execution, but the defence to it, which would be defeated by the order of dismissal, supposing the order to have any finality at all. We think the court committed no error in reinstating the case, or at least, that none appears from the record and bill of exceptions before us. *Judgment affirmed*