McDUFFIE *v.* WILCOX COUNTY *et al.*

GILBERT, J. 1. "Insolvent lists of tax-collectors shall alone be allowed by the ordinary, county judge, commissioners of roads and revenues, or other tribunals authorized by law, except grand juries, upon a return of the tax execution with entry of proper legal officer of 'no property.'" Civil Code (1910), § 1118. It is admitted that the tax fi. fas. allowed by the commissioners in this case did not show a return of "nulla bona" or "no property."

2. Where the board of county commissioners, in agreeing to a settlement with a county tax-collector, accepted from him as a credit uncollected tax fi. fas., such settlement did not estop the county from proceeding to collect from the tax-collector and the surety on his bond the amount of such fi. fas. for the reason that the commissioners had no authority under the law to accept and allow such credit. *Read* v. *Glynn County,* 145 *Ga.* 881 (6) (90 S. E. 60). "The powers of public officers of this State are defined by law, and all persons must take notice of this fact." *Decatur County* v. *Roberts,* 159 *Ga.* 528 (2) (126 S. E. 460).

3. For the same reason, the county is not estopped from proceeding to collect the amount allowed by the county commissioners to the tax-collector for county warrants.

4. The law presumes, when a fi. fa. is issued against a county tax-collector, that the amount named therein is due by the officer, and the burden is on the tax-collector to show that the fi. fa. is invalid or inoperative in

Taxation, 37 Cyc. p. 1205, n. 31; p. 1213, n. 86.

whole or in part. *Bridges* v. *Dooly County*, 83 *Ga.* 275 (9 S. E. 1085);
*Mason* v. *Commissioners*, 104 *Ga.* 35, 50 (30 S. E. 513). The fact that
the term of such officer has expired and that at the time the fi. fa. was
issued he was a private citizen does not alter the case. *Greer* v. *Turner
County*, 138 *Ga.* 558, 562 (75 S. E. 578).

5. The burden being on the defendant in fi. fa. in such case to show what
amount of money, if any, has been actually received by the county on
the tax fi. fas. and county warrants delivered to the county commis-
sioners, and thus partly or wholly paying off the amount due by such
officer, and there being no evidence to that effect, it was not error to rule
that such credits were not allowable. A mere statement by a witness
that the county received the benefit of fi. fas. against taxpayers and of
county warrants is insufficient to authorize a finding that the fi. fas. or
any portion of them were collected and the money paid to the county,
or to show that the warrants were lawful claims against the county for
which the tax-collector was entitled to a credit on the principle of equi-
table subrogation.

6. There were other exceptions, but they show no error and are not of such
a character as to require special mention.

*Judgment affirmed. All the Justices concur.*

No. 5822. NOVEMBER 16, 1927.

Equitable petition. Before Judge Crum. Wilcox superior court.
December 1, 1926.

On September 3, 1923, the commissioners of roads and revenues
of Wilcox County rendered a judgment against G. B. McDuffie,
former tax-collector of said county, reciting that said McDuffie
had collected taxes due the county for 1919 and 1920 to the ex-
tent of $27,434.52, for which he had not accounted as such officer,
and that demand had been made upon him therefor; and reciting
further that the American Surety Company of New York was
surety upon the bond which McDuffie had given under terms of
the law. The judgment was against McDuffie in favor of the
county, for the principal sum of $27,434.52, with interest from
January 1, 1921, at the rate of 20 per cent. per annum, and
against the surety company for the penalty in the bond ($20,000),
upon which penalty the judgment assessed also interest at the
rate of 20 per cent. from January 1, 1921. The commissioners
issued their fi. fa. based on said judgment. The surety company
filed a bill in which it alleged that McDuffie had denied having
collected any moneys for which he had not fully accounted; that,
McDuffie being insolvent, no levy was being made against him,
for which reason petitioner could file no affidavit of illegality; that,
unless the court decreed otherwise, petitioner would be called on
to pay said fi. fa. without the true amount of the indebtedness,

if any, of McDuffie being legally determined; and praying that McDuffie and the county and its commissioners be required to interplead and establish their rights. This was done. McDuffie answered that he was not indebted to the county in any sum; that he held the office of tax-collector from December 9, 1919, until December 31, 1920; that on January 12, 1922, he had a full settlement with the county commissioners, receipt whereof he held and attached to his answer. The county answered that the settlement alleged by McDuffie was fraudulent and void, in that the figures of McDuffie's answer and the figures he furnished the county at the time of settlement fatally varied; and that while the county did not admit the correctness of either set of representations by McDuffie, it nevertheless was due from him, in the minimum, the sum it had set out in its said fi. fa. against him.

The matter was referred to an auditor, to whose findings of fact and law, and to certain alternative findings, both defendants filed exceptions. Those of the county resulted in the case decided by this court and reported in 164 *Ga.* 798 (139 S. E. 538).

McDuffie's exceptions were as follows: (1) To the finding of fact that on December 31, 1920, there was a difference of $37,-673.17 between charges and credits, due by the tax-collector to the county, on the grounds that said report failed to credit the tax-collector with $5496.55 of county warrants delivered to the commissioners by him and not returned, and that it failed to credit him with $1363.97 paid by him as a commission to the tax-receiver, and with $24,214.44 of fi. fas. for 1920, and $8442 of fi. fas. for 1919, which he had returned uncollected to the commissioners. The auditor found that the tax-receiver's commission had already been once credited to McDuffie, and that the county had never received any benefit from the warrants named, they not being "produced, identified, nor accounted for;" and that McDuffie returned to the commissioners at his settlement only $12,855.76 uncollected fi. fas. for 1920, and that he returned the claimed $8442 of them for 1919. (2) To the finding of mixed law and fact that the settlement relied on by McDuffie as had between him and the commissioners for 1919 and 1920 was not a legal settlement and was not binding upon the county to the extent of relieving the tax-collector under his bond from accounting for any amount shown to be due the county, on the ground

that the finding was unsupported by law or evidence.   (3) To the finding of law that the tax-collector had no authority to accept county warrants in payment of taxes, or to take same up out of tax funds, even if requested by the commissioners so to do; and that the commissioners had no authority to accept warrants in lieu of money for taxes collected in the settlement had with the tax-collector, on the ground that the county itself had accepted said warrants and had received the benefits thereunder. (4) To the finding of law that the commissioners exceeded their legal authority in accepting from the tax-collector, in the settlement, uncollected tax fi. fas. on which no entry of nulla bona had been made, and which were therefore not shown to be uncollectible, by which they relieved him of the duty of collecting such taxes; and that the county was therefore not bound thereby, on the ground that in no event did the county have the right to issue a fi. fa. against McDuffie for money represented by uncollected tax fi. fas.   (5) To the finding of law that it was incumbent upon the tax-collector, in setting up his settlement and discharge, to show that the fi. fas. and warrants were not merely delivered to the commissioners, but that the county received benefit from them, which burden he had not carried, on the grounds that, before the county could levy a fi. fa. against him, it would have been necessary that he actually collected said fi. fas. and not accounted for the money, and that the warrants had been actually drawn by county authorities.   (6) To the finding of fact and law that the county was entitled to recover from McDuffie, as tax-collector, and on his bond as such, the amount of the fi. fa. issued by said county, on the ground that there was no evidence to support the finding, or law upon which to base it, and because the tax-collector, under the evidence, had received no money for which he had not accounted.   The tax-collector excepted also to certain rulings admitting evidence, on the ground that such evidence was irrelevant or unintelligible; and to the finding that the commissioners did not have authority to suspend the collection of taxes, and that the tax-collector so suspended at his peril and risk, on the ground that this was not material to the case.   Certain alternative findings of the auditor were excepted to, but they are not material in view of the nature of the court's decree.

The court overruled McDuffie's exceptions, and entered a de-

cree to the effect that the county was entitled to recover of him in the sum of said $27,434.52 principal, with interest thereon. To this judgment he excepted.

*A. J. McDonald* and *J. B. Wall,* for plaintiff in error.

*Hal Lawson, Whipple & McKenzie,* and *Jones, Evins, Moore & Powers,* contra.