25569. HARRISON, Chairman, et al. v. WEINER et al.

MOBLEY, Presiding Justice. This appeal is from a judgment of the Superior Court of DeKalb County, granting a mandamus absolute and ordering the Chairman and Members of the Board of Commissioners of DeKalb County to issue to the plaintiff Weiner a conditional use permit for a veterinary hospital on described property. The complaint alleges that the plaintiffs first applied to the Joint Planning Commission of DeKalb County for a conditional use permit, which was granted. On appeal to the commissioners, the permit was denied. Some time thereafter the plaintiffs brought this action for mandamus absolute and for an order to the commissioners to grant the conditional use permit. The plaintiffs filed motion for summary judgment, with affidavits attached, and filed request for admissions from the commissioners, who responded. After hearing, the trial court granted the motion for summary judgment making the mandamus absolute and ordering grant of the conditional use permit.

1. Enumerations of errors 1-5 complain of the judgment overruling the defenses filed by the appellants. The first defense, that the complainant does not state a claim upon which relief can be granted, is without merit, as hereafter shown.

2. The appellants contend that certiorari, not mandamus, is the exclusive remedy to review the ruling of the DeKalb Com-

missioners. This same contention was made in *Manning v. A. A. B. Corp.*, 223 Ga. 111 (153 SE2d 561), which involved an application for conditional use permit under provisions of the same zoning ordinance of DeKalb County involved here, and this court in a full bench decision held that an action for mandamus would lie. That decision is controlling unless overruled by a full bench decision of this court. This court denies the request of the appellants to overrule, and adheres to its decision in *Manning v. A. A. B. Corp.*, 223 Ga. 111, supra.

3. It was not necessary to join the building inspector as a party defendant, as the grant of a conditional use permit is a function of the commissioners and not of the building inspector.

It is clear from the zoning ordinance, section H, that the first step is an application for a conditional use permit. Subsequent steps are the obtaining of a certificate of zoning compliance and application for the permit. It is not manifest that the writ of mandamus would be nugatory or fruitless (*Code* § 64-106), as contended by the appellants.

4. Enumeration of error 5 complains of the order and judgment overruling the appellants' fourth defense, which sought dismissal on the ground that the chairman and one of the members were not members of the board of commissioners at the time the application for the conditional use permit was made, and no demand has been made upon them. The application for the conditional use permit was a demand upon the planning commission and a continuing demand upon the chairman and members of the commissioners as then, or thereafter, constituted.

This court held in *Weathers v. Easterling*, 153 Ga. 601 (1) (113 SE 152), that where county commissioners in office failed to enter a contract on their minutes, as required, mandamus would lie against their successors to compel them to enter the contract on their minutes. It is well established by decisions of this court that persons holding public office may be required by mandamus to perform a continuing duty which their predecessors in office failed or refused to do. See *Crow v. McCallum*, 215 Ga. 692 (113 SE2d 203); and *Undercofler v. Scott*, 220 Ga. 406 (139 SE2d 299).

5. The appellants next contend that summary judgment will not lie in a mandamus case, asserting as a reason therefor

that *Code Ann.* § 81A-156 (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238) does not specifically refer to an action for mandamus. This is not a valid reason, as that section does not refer specifically to any action or actions. The fact that *Code* § 64-101 et seq. provide rules under which mandamus actions shall be tried would not make provisions of the Civil Practice Act, including those providing for summary judgment, inapplicable in mandamus actions. Furthermore, *Code Ann.* § 81A-181 (Ga. L. 1966, pp. 609, 668; Ga. L. 1967, pp. 226, 241; Ga. L. 1968, pp. 1104, 1109) provides that the Civil Practice Act shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict therewith are expressly provided by law, but in any event the provisions of the Act governing summary judgment and other named procedures, shall apply to all such proceedings. There is no express conflict between the Code sections providing for mandamus actions and the Civil Practice Act relating to summary judgment.

6. We have carefully considered the motion of the appellees for summary judgment, the affidavits submitted in support thereof, the counter-affidavits of the appellants, and the record in the case, and are of the opinion that there is no genuine issue of fact in the case and that the trial court properly granted the motion of the appellees for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 9, 1969—DECIDED FEBRUARY 5, 1970.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellants.

*Paul M. McLarty, Jr., Kaley, Karesh & Rubin, Martin H. Rubin,* for appellees.