30294. THOMPSON et al. v. HORNSBY et al.

JORDAN, Justice.

This appeal is from the grant of a mandamus absolute.

Marion A. Hornsby, Jr., and William Lee Roberts and others, as Trustees and Secretary of the Fulton County General Employees Pension Fund, filed a petition for mandamus against Jerri Thompson and others, as members of the Board of Trustees of the Police Pension Fund of the City of Atlanta.

It was alleged that: On and before April 14, 1975, Hornsby was employed by the City of Atlanta as a policeman and was a participant in, and made contributions to, the City of Atlanta Policemen's Pension Fund. On that date he became employed by Fulton County as a policeman and became a participant in the Fulton County General Employees Pension Fund. He has made demand on the defendants to certify the total number of years of service accrued to his credit and to transfer all funds contributed by him, together with all employer matching funds, to the Fulton County General Employees Funds. Under Ga. L. 1972, pp. 3277-3279, the defendants are under a duty to perform the acts demanded, and have failed and refused to perform these duties. It was prayed that the defendants be required to make the certification and transfer demanded.

The defendants filed their response and a motion to dismiss. The parties entered into a stipulation of facts. The trial judge, after making findings of fact and conclusions of law, denied the motion to dismiss and granted the mandamus absolute. The enumeration of

errors complains of the denial of the motion to dismiss, certain findings of fact and conclusions of law, and the grant of the mandamus absolute.

1. A number of the enumerated errors pertain to the motion to dismiss the petition for mandamus. The Civil Practice Act is applicable to mandamus actions (*Harrison v. Weiner,* 226 Ga: 93 (5) (172 SE2d 840) (1970)), and a petition for mandamus will not be dismissed if it states a claim on which relief may be granted. The rulings which will be hereafter made as to whether the relief demanded by the appellees should be granted will determine whether a claim is set out in the petition for mandamus.

2. It is contended by the appellants that the County of Fulton has no authority to establish a police department and employ Hornsby as a policeman.

An Amendment to Art. XI of the Constitution (proposed by Ga. L. 1951, pp. 828-831) authorized the General Assembly "to determine and prescribe by general, local or special laws all the powers, responsibilities and limitations of Fulton County and the commissioners of roads and revenues or other governing authority thereof . . . outside of the incorporated areas within its boundaries in respect to police protection, . . ."

By Ga. L. 1951, pp. 591-596 (Code Ch. 23-14), pertaining to county police, was amended by adding certain sections applicable to counties in which there is located all or the greater part of the population of a city with a population of 300,000 or more. This Act provided that the city shall furnish police services for the unincorporated area of the county, at the expense of the county. Section 12 of the Act provided that, after the end of the year in which the county is required to contract for police services, the county shall not maintain, operate, or continue in existence any county police department, except as authorized by the Act.

In 1972 a constitutional amendment was proposed and ratified (Ga. L. 1972, pp. 1552-1554; Code Ann. § 2-7901a) which provides: "In addition to and supplementary of any powers now conferred upon and possessed by any county, municipality, or any combination thereof, any county, any municipality and any combination of any such political subdivisions may

exercise the following powers and provide the following services: (1) Police and fire protection."

This amendment contains the following proviso: "Provided, however, that no city or county may exercise any such powers or provide any such service herein listed inside the boundaries of any other local governments except by contract with the city or county affected unless otherwise provided by any local or special law and no existing local or special laws or provisions of this Constitution is intended to be hereby repealed."

The trial judge held that the 1972 constitutional amendment was clearly meant to be cumulative of any pre-existing powers and that it contravened the provision of Ga. L. 1951, pp. 591-596, taking away the power of Fulton County to maintain a police department. He further held that the saving clause in the proviso, referring to existing local or special laws, could not preserve the 1951 Act (Ga. L. 1951, pp. 591-596), which was a general law (*Barge v. Camp,* 209 Ga. 38 (3) (70 SE2d 360) (1952)), and that this saving clause was intended to save powers and authorities granted previously, but not intended to save limiting provisions of other general laws.

The appellants urge that the 1972 constitutional amendment preserved the 1951 local constitutional amendment (Ga. L. 1951, pp. 828-831) which gave the General Assembly authority to pass the 1951 Act (Ga. L. 1951, pp. 591-596) taking away Fulton County's right to operate a police department, and that this enabling Act was thereby preserved.

The 1951 local constitutional amendment was not self-executing. The preservation of this amendment by the 1972 constitutional amendment would not prevent the repeal of the limiting provision of the 1951 Act (Ga. L. 1951, pp. 591-596) by the 1972 amendment.

The 1972 constitutional amendment clearly intends to give each county the power to provide police protection "[i]n addition to and supplementary of" any power now possessed by the county, and contravenes the part of the 1951 Act which prohibits Fulton County from operating a police department. Compare *DeKalb County v. Allstate Beer, Inc.,* 229 Ga. 483 (3) (192 SE2d 342) (1972).

The trial judge correctly held that Fulton County under the 1972 constitutional amendment has the power to operate a police department.

3. The General Assembly in 1972 (Ga. L. 1972, pp. 3277-3279) passed an Act applicable to counties having a population in excess of 600,000 and the largest city located in whole or in part in such county, which provides in § 2: "Whenever any City employee shall become a County employee or whenever any County employee shall become a City employee, such employee may transfer from the Pension Fund of his former employer to the Pension Fund of his new employer credit for all years of service which may have accrued to him while in the service of his former employer upon compliance with the provisions of this Act." It is provided in § 3 that any employee wishing to obtain the benefits of the Act shall file a written statement to such effect with the secretaries of both the city and county pension fund, and thereupon it is the duty of the secretary of the pension fund of the former employer to certify to the secretary of the pension fund of the new employer the total number of years of service accrued to the credit of such employee. Such secretary shall also transfer all funds contributed by said employee, together with all employer matching fund contributions.

It is argued by the appellants that the 1972 Act above cited is not in pari materia with the 1933 Act (Ga. L. 1933, p. 213 et seq.), as amended, providing for pensions for policemen in cities of prescribed population, and cannot be construed together.

Both Acts would be applicable to the policemen pension funds of the City of Atlanta, and they should be construed in pari materia. Compare: *Compton v. Hix,* 184 Ga. 749, 751 (2) (193 SE 252) (1937); *Adamson v. Turner,* 192 Ga. 54, 58 (14 SE2d 445) (1941).

The Board of Trustees of the City of Atlanta Policemen's Pension Fund have the duty under Ga. L. 1933, pp. 213, 217, to "see to it that the payments of the funds under this Act are made to those entitled to receive the same." Construing the 1933 Act with the 1972 Act, the trustees have a duty to see to it that the funds are transferred as required by the 1972 Act.

4. The appellants argue that since Ga. L. 1933, p. 213 et seq., as amended, requires the City of Atlanta to raise funds by taxation for the purpose of paying pensions to its policemen, the 1972 Act requiring the transfer of such pension funds to Fulton County would have the effect of requiring the City of Atlanta, with respect to its contributions to the pension fund, to raise funds by taxation for the purpose of paying pensions to county employees.

Retirement pay is "adjusted compensation" for salary earned, payable in the future. *DeWitt v. Richmond County,* 192 Ga. 770 (16 SE2d 579) (1941). When the City of Atlanta made contributions to the pension fund for policemen in its employ, the city was raising funds by taxation to pay a part of their compensation as employees of the city. The transfer of these contributions to another governmental unit would not be the taxation by one governmental unit for the purpose of paying pensions to employees of another governmental unit. Nor would such transfer of funds be the payment of a gratuity from public funds.

It is contended by the appellants that the 1972 Act providing for the transfer of pension funds violates the Constitution, Art. I, Sec. III, Par. II (Code Ann. § 2-302), prohibiting the passage of retroactive laws and laws impairing the obligations of contracts.

The 1972 Act was effective July 1, 1972. It does not provide for a retroactive application, and the cases of *Davis v. Hunt,* 218 Ga. 630 (1) (129 SE2d 778) (1963), and *Grimes v. Lindsey,* 219 Ga. 779 (1) (135 SE2d 860) (1964), are not applicable to the present case.

The appellants contend that the 1972 Act impaired the obligation of the contract of the trustees with Hornsby. After the effective date of the 1972 Act, Hornsby had a new contract with the city which included the right to have all pension funds contributed by him, together with the city's equivalent contribution, transferred to the Fulton County Pension Fund, in the event he should transfer his employment to Fulton County. Hornsby's continued service with the City of Atlanta after the effective date of the 1972 Act furnished consideration for the new pension contract. *City of Atlanta v. Anglin,* 209

Ga. 170 (5) (71 SE2d 419) (1952). The 1972 Act did not impair the obligation of the trustee's contract.

There is no merit in the contention of the appellants that the transfer of Hornsby's interest in the Atlanta Policemen's Pension Fund is the taking of property of the fund for public purposes without payment of compensation, and the deprivation of property without due process. The trustees of the fund have no interest in the fund except to preserve and protect it for the uses provided by law. After the effective date of the 1972 Act, one use of the fund is for transfer to another pension fund, as provided by that Act.

5. It is argued by the appellants that the petition for mandamus was brought against the trustees to compel them to transfer the pension funds and to certify the information concerning Hornsby's years of service, but that the 1972 Act (Ga. L. 1972, pp. 3277-3280) places this duty on the secretary of the pension fund, and the appellees did not seek to have the secretary perform such duties.

The stipulation of facts entered into between the parties states that "Charles L. Davis, Secretary, Board of Trustees of the Policemen's Pension Fund," certified to the Secretary of the Fulton County General Employees' Pension Fund the information on Hornsby's credits, after the mandamus action was filed.

Charles L. Davis is one of the trustees named as a defendant in the mandamus petition. It thus appears that the secretary of the pension fund has been sued in the mandamus action, and that he has already complied with a part of the relief sought.

6. The stipulation of facts states that the City of Atlanta has contributed an amount equivalent to that contributed by each employee. While these contributions are not allocated to the credit of any employee, there is no reason why the appellants cannot transfer an amount equivalent to that contributed by Hornsby.

7. There is no merit in the appellants' contention that the Trustees have a discretion in transferring pension funds under the 1972 Act (Ga. L. 1972, pp. 3277-3280). The Act states that any employee "wishing" to obtain the benefits of the Act shall proceed as specified

therein. No such discretion is given the secretary of the pension fund. It is provided that it "shall be the duty" of the secretary to certify the years of service accrued to the credit of such employee, etc., and that he "shall" transfer the funds contributed by the employee and the matching funds contributed by the employer.

8. It is contended by the appellants that the appellees did not make a proper demand of the individual appellants.

The stipulation of facts shows that Hornsby made a request dated April 14, 1975, to "The City of Atlanta Police Pension Board of Trustees," that his years of service be certified and the funds contributed by him, together with matching funds of the city, be transferred. By letter of April 24, 1975, addressed to "The City of Atlanta Police Pension Board of Trustees, c/o Charles L. Davis, Director of Finance," immediate compliance with the request of April 14, 1975, was requested, and action was threatened on refusal of compliance by April 28, 1975. The stipulation of facts recites that Charles L. Davis was the only trustee having personal knowledge of these letters prior to the filing of the mandamus action.

The demand on the collective police pension board of trustees to comply with the provisions of the 1972 Act pertaining to the transfer of pension funds was sufficient. Compare *Harrison v. Weiner,* 226 Ga. 93 (4), supra.

The stipulation of facts shows that the trustees determined that no action would be taken on the matter until the courts had decided the questions involved in the mandamus action.

9. The trial judge did not err in denying the motion to dismiss the petition for mandamus, or in granting the mandamus absolute.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 28, 1975 — REHEARING DENIED NOVEMBER 24, 1975.

*Henry L. Bowden, Ferrin Y. Mathews,* for appellants.
*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellees.