32595. CITY OF ATLANTA et al. v. MYERS et al.

JORDAN, Justice.

This appeal is from the grant of an interlocutory injunction, and raises for determination the validity of an ordinance of the City of Atlanta requiring residency of policemen and firemen within the City of Atlanta.

Michael C. Myers, individually and as representative of a class consisting of all past, present, and prospective job applicants and employees of the Bureaus of Police & Fire Services of the Department of Public Safety of the City of Atlanta who are similarly situated, filed a complaint against the city, the mayor,

---

and the public safety commissioner, alleging: The plaintiff desires to be a police officer of the City of Atlanta. He is a resident of Clayton County, Georgia, and does not desire or intend to move his residence to the City of Atlanta. Prior to applying for employment as a police patrol officer of the City of Atlanta he was made aware of the job description for this position, one of the qualifications being that he be a resident of the City of Atlanta or move into the city within six months after employment. Prior to filing his application for employment as a police patrol officer he was also made aware of an ordinance of the City of Atlanta adopted June 7, 1976, and approved by the mayor on June 8, 1976, which required that all persons employed after the adoption and approval of the ordinance in the Bureaus of Police & Fire Services shall be residents of the city or become residents within six months of their employment and remain residents during their employment. The employment of the plaintiff as a police patrol officer will be conditioned upon his agreement to comply with the terms of the ordinance. The job description and ordinance have had a chilling effect on the plaintiff and all other nonresidents of Atlanta who desire to be police officers but do not desire or intend to move into the city. Code Ann. § 89-950 (Ga. L. 1975, p. 1576) provides that no municipal or county government in this state shall require as a condition of employment by such government that applicants for employment as officers or employees must reside within the boundaries of the municipality or county. The ordinance of the City of Atlanta approved June 8, 1976, is a special law in contravention of Code Ann. § 89-950, a general law, in violation of the Constitution of 1945, Art. I, Sec. IV, Par. I (former Code Ann. § 2-401).

It was prayed that the court declare that the ordinance approved June 8, 1976, is unconstitutional and void; and that the defendants be temporarily restrained and permanently enjoined from taking any action to enforce the ordinance or any action relative to the employment status of the plaintiff or any other member of the class related to the ordinance.

No evidence was introduced at the interlocutory

hearing. The hearing consisted of arguments of counsel. The trial judge in his order held that the ordinance requiring residency in the city was unreasonable, and that it violated Code Ann. § 89-950. He enjoined the defendants from enforcing the ordinance.

1. The appellants contend that the case did not present a justiciable controversy. This position is contrary to their answer in which they admitted the allegations of the appellee's complaint that there exists between the parties an actual and justiciable controversy.

The right to choose a particular profession is an important right under our democratic form of government. The answer of the appellants admits that the appellee has a bona fide desire to be a police patrol officer, but does not want to move into the city. The appellee had the right to have a determination of whether the ordinance preventing him from being considered for such employment is unconstitutional. Compare *Jenkins v. Manry,* 216 Ga. 538 (1) (118 SE2d 91) (1961).

2. The 1972 amendment to the 1945 Constitution, Art. XI, Sec. III, Par. I (Ga. L. 1972, p. 1552; former Code Ann. § 2-7901a), which was in existence at the time the challanged city ordinance was adopted, provided in part. "In addition to and supplementary of any powers now conferred upon and possessed by any county, municipality, or any combination thereof, any county, any municipality, and any combination of any such political subdivisions may exercise the following powers and provide the following services: (1) Police and fire protection. . ." It further provided that a county or municipality "shall have the authority to enact ordinances . . . in pursuance of this Paragraph and for the purpose of carrying out and effectuating the powers herein conferred upon such political subdivisions and in order to provide such services. . ." It is the contention of the appellants that there is no limitation upon the authority of a municipality to adopt ordinances pursuant to this constitutional power to provide police and fire protection, and that the general law (Code Ann. § 89-950) would not prevent the city from adopting an ordinance requiring policemen and firemen to be residents of the city.

The appellants assert that in *Thompson v. Hornsby,*

235 Ga. 561, 562 (2) (221 SE2d 192) (1975), this court was confronted with the same issue as in the present case, and decided the issue in accordance with the appellants' contentions. In the *Thompson* case the question was whether the 1972 constitutional amendment above quoted had the effect of voiding a prior general law which denied Fulton County the right to furnish police services for the unincorporated area of the county. This court held that the constitutional amendment prevailed over the general law. The *Thompson* case was dealing with the specific power granted by the constitutional amendment, the right to furnish police service, and not with an ordinance limiting the persons eligible for employment in the police department.

The appellants also cite *Johnston v. Hicks,* 225 Ga. 576 (170 SE2d 410) (1969), and *Richmond County v. Pierce,* 234 Ga. 274 (215 SE2d 665) (1975), dealing with Art. XV, Sec. II-A, Pars. II and III of the Constitution of 1945. This court held that these paragraphs of the home rule amendment vested authority in the counties exclusively to deal with the specific subjects dealt with therein. These cases interpreted particular home rule constitutional provisions, and do not decide the question made in the present case.

There is no indication in the 1972 amendment to the 1945 Constitution (Ga. L. 1972, p. 1552) that the grant of power to counties and municipalities to provide certain services, and to enact ordinances to effectuate the powers given, was intended to preclude the General Assembly from enacting general laws affecting the manner in which the powers would be exercised.

The ordinance of the City of Atlanta providing residential requirements for officers and employees of the police and fire bureaus contrary to Code Ann. § 89-950 was unconstitutional and void under the Constitution of 1945, Art. I, Sec. IV, Par. I (Constitution of 1976, Art. I, Sec. II, Par. VII; Code Ann. § 2-207). See *City of Atlanta v. Hudgins,* 193 Ga. 618 (1) (19 SE2d 508) (1942).

Since we affirm the trial judge's ruling that the ordinance was void because in contravention of a general law, it is unnecessary to deal with his conclusion that the ordinance was unreasonable.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED NOVEMBER 8, 1977 —
REHEARING DENIED NOVEMBER 29, 1977.

*Ferrin Y. Mathews, John E. Dougherty, W. Roy Mays, III,* for appellants.
*Shulman, Bauer, Deitch, Raines & Hester, Warren S. Shulman,* for appellees.