## 62601. ANTON v. GARVEY.

BANKE, Judge.

The trial court dismissed the appellant's personal injury action upon a finding that he had "wilfully and unjustifiably failed to make discovery so as to justify dismissal under Ga. Code § 81A-137 (d) . . ." Within the same term of court, appellant filed a "motion for rehearing and to set aside order and judgment," contending that the failure to make discovery had been accidental and unintentional. He appealed within 30 days of the denial of this motion but more than 30 days from the dismissal of the complaint. The appellee has moved to dismiss the appeal. *Held:*

A motion to reconsider or modify a final judgment does not extend the time for filing a notice of appeal from that judgment. See *Johnson v. Barnes,* 237 Ga. 502, 503 (229 SE2d 70) (1976). However, the denial of a motion to set aside, filed pursuant to Code Ann. §

81A-160 (d), is appealable in its own right. Such a motion "must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, or a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record [or] pleadings."

A review of the appellant's motion and the attached affidavits clearly reveals it to be simply a motion for reconsideration of the previous dismissal entered by the trial court. It does not allege either lack of jurisdiction or the existence of a nonamendable defect appearing on the face of the record. Consequently, the filing of the motion did not extend the time for filing the appeal, nor was its denial appealable in its own right. See *Azar v. Westview Cemetery,* 134 Ga. App. 682 (215 SE2d 719) (1975); *Peppers House Restaurant v. Siefferman,* 156 Ga. App. 114 (274 SE2d 43) (1980). See generally *Johnson v. Barnes,* supra. The appeal is accordingly dismissed for want of jurisdiction.

*Appeal dismissed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 23, 1981.

*John C. Grubb, Jr.,* for appellant.
*Roger Mills, Palmer H. Ansley,* for appellee.