## 39216. CLAYTON COUNTY et al. v. OTIS PRUITT HOMES, INC.

CLARKE, Justice.

This appeal involves the interpretation of the subsections of OCGA § 8-2-112 (Code Ann. § 92A-2403) which regulate the inspection and approval of factory-built housing. The specific question presented is whether approval of a factory-built housing unit by the state precludes the right of a local government to condition its approval of a unit upon its own inspection pursuant to paragraph (3) of subsection (a) of OCGA § 8-2-112 (Code Ann. § 92A-2403). We hold that it does.

1. Appellee applied for a building permit with Clayton County to erect a factory-built home on a lot in Clayton County. The home in question was approved by the state as required by OCGA § 8-2-112 (Code Ann. § 92A-2403), subsection (a) paragraph (1). The permit was refused on the basis that the appellee had not complied with the code of Clayton County which requires factory-built housing to be inspected by the county during its manufacture.

OCGA § 8-2-112 (a) (3) (Code Ann. § 92A-2403) states that the code sections governing state inspection and regulation do not apply when a local government has its own procedures for inspection of factory-built homes and such procedure is in line with industry standards. Clayton County contends that since it has adopted its own regulations which conform to OCGA § 8-2-112 (a) (3) (Code Ann. § 92A-2403) it need not accept state approval of factory-built housing but may require local approval also.

This argument overlooks subsection (b) of the same section which provides: "All factory-built housing bearing an insignia of approval issued by the commissioner pursuant to this part shall be held to comply with the requirements of all ordinances or regulations which have been enacted by any local government and which are applicable to the manufacture or installation of such housing. The determination by the commissioner of the scope of such approval is final." OCGA § 8-2-112 (b) (1) (Code Ann. § 92A-2403). We therefore construe the statute to mean that once state approval is obtained the right of a local government to inspect and approve that particular housing is preempted. Paragraph (3) of subsection (a) would apply only if a manufacturer did not seek state inspection and approval but applied to a local government for inspection of factory-built housing to be placed in that body's jurisdiction.

The trial court correctly held that since the factory-built house bore the state's approval the local government had no authority to conduct its own inspection.

2. The county contends that this interpretation of the statute violates Article IX, Sec. IV, Paragraph II of the state constitution (Code Ann. § 2-6102). This paragraph gives local governments the power to enact building, housing, plumbing and electrical codes. It is further provided: "nothing contained within this Paragraph shall operate to prohibit the General Assembly from enacting general laws relative to the above subject matters or to prohibit the General Assembly by general law from regulating, restricting or limiting the exercise of the above powers, but the General Assembly shall not have the authority to withdraw any such powers."

The General Assembly may by general law preempt a local law and may by general law restrict the manner in which a county regulates. *City of Atlanta v. Myers,* 240 Ga. 261 (240 SE2d 60) (1977). It is not unconstitutional nor a withdrawal of power by the General Assembly in enacting state-wide regulations for factory-built homes which are binding upon local governments.

3. We find no reversible error in any of the remaining enumerations.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*Glaze & McNally, George E. Glaze, Charles B. Graham, Jr.,* for appellants.

*Levine, D'Alessio, Mullins & Stone, Burgess W. Stone,* for appellee.

*Michael J. Bowers, Attorney General, Barry P. Allen, Assistant Attorney General,* amicus curiae.