### 66608, 66609. DOUGHERTY COUNTY v. BURT et al.; and vice versa.

BANKE, Judge.

On November 12, 1982, Dougherty County instituted special master, in rem condemnation proceedings pursuant to OCGA §§ 22-2-100 *et seq.* (former Code Ann. §§ 36-601a *et seq.*) to acquire certain property located within the city limits of Albany, Georgia, for use as a public parking facility to service the Albany-Dougherty County Public Library. The condemnees filed a motion before the special master to dismiss the proceedings, contending, among other things, that the county had no legal authority to operate the library and thus no legal authority to acquire land for library purposes. The special master entered a recommendation that the motion be denied and made a monetary award. The condemnees then filed exceptions to the return of the special master. Following a hearing on these exceptions, the superior court entered an order on February 24, 1983, granting the motion to dismiss, ruling, specifically, as follows:

"[T]he City of Albany operated [the] library system for a great number of years. The actual management and operation of the library was placed in a board of trustees who have continuously served as such down to the present.

"In 1972 a comprehensive agreement was entered into between the City of Albany and Dougherty County, wherein certain services and functions were delineated as between city and county, one of which was the operation of the library. As a part of this agreement the city authorized the county to operate the library within the limits of this city. The agreement was executed by the mayor and by the chairman of the county commission pursuant to a joint resolution. This resolution does not in fact, nor by reference, include the board of trustees of the library, or any office thereof. In addition the agreement is not executed, endorsed or otherwise affirmed by any member or officer of said trustees. There is nothing to indicate by resolution or otherwise that the board of trustees or any officer or member thereof participated at all in the delineation of services agreement as it pertains to the library.

"Ga. Code Ann. 1933, Section 32-2706 (Official Code of Ga. Ann. 20-5-40) requires such agreement to be made between the governing bodies of each political subdivision and the board of trustees.

"Having failed to include the trustees, the part entered into between city and county . . . with reference to the library was invalid.

"Therefore the county has no authority to operate a library system within the corporate city limits of Albany and its complaint for condemnation is hereby dismissed."

Following the entry of the dismissal order, the county moved for a "rehearing," and on March 25, 1983, the trial court entered an order granting this motion. In doing so, however, the court did not purport to vacate, stay, or set aside the dismissal but merely set a date and time for a new hearing. On the same day, the trial court entered an "amended order" which provided that all of the additional grounds for dismissal urged by the condemnees in their exceptions to the award of the special master, other than the one on which the dismissal order of February 24 had been based, were overruled and denied. Again on the same date, March 25, 1983, the county filed a notice of appeal from the dismissal order. The condemnees responded by filing a cross-appeal directed to the "amended order" of March 25th. On April 18, 1983, the trial court denied the county's motion for rehearing, and on May 13, 1983, the county filed an amended notice of appeal for the purpose of giving notice that its appeal was intended to encompass both the amended order of March 25 and the April 18th denial of its motion for rehearing in addition to the original dismissal order of February 24. The condemnees have moved in this court to dismiss the county's appeal, contending that the denial of the county's motion for rehearing constituted the only appealable judgment in the case and that the county's attempt to amend its original notice of appeal to encompass that judgment was a nullity. *Held:*

1. The motion to dismiss the appeal is denied. It has repeatedly been held that the time for filing a notice of appeal in a case in which an otherwise final judgment has been entered is not extended by the filing of a motion for rehearing, motion for reconsideration, or motion to vacate or set aside. See, e.g., *Austin v. Carter,* 248 Ga. 775 (1) (285 SE2d 542) (1982); *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970). While it is true that the *grant* of such a motion may have the effect of extending the time for appeal, this is true only if the original judgment is thereby stayed, vacated, or set aside. See *Austin v. Carter,* supra. In granting the county's motion for rehearing in this case, the trial court did not purport to take such action but merely set a date for another hearing. The dismissal order of February 24th thus remained in effect, and the March 25th notice of appeal was timely.

2. We affirm the trial court's conclusion that the 1972 agreement purporting to transfer control of the library system from the city to the county was invalid due to the failure to include the library's trustees as parties. Pursuant to Ga. L. 1937, p. 715 § 1 (OCGA § 20-5-40; former Code Ann. § 32-2706), municipalities are expressly authorized to enter into cooperative agreements with other political subdivisions relative to the establishment and maintenance

of libraries. However, the statute requires that "[a]ny such contract or cooperative agreement relating to a library maintained by a municipality but operated by a board of trustees or other officials shall be made by the governing body of such [other] political subdivision with the governing body of any such municipality *and the board of trustees or other officials through whom such library so maintained by such municipality is operated.*" (Emphasis supplied.) It is undisputed both that the Albany library was operated by a board of trustees at the time the city and the county entered into the 1972 agreement purporting to transfer control to the county and that the trustees were never made a party to that agreement. It necessarily follows that the agreement was invalid.

The county argues that the statutory requirement for participation by the board of trustees was superseded and nullified by Art. XI, Sec. III, Par. I of the 1945 Constitution, which was added by amendment in 1972 (Ga. L. 1972, p. 1552; former Code Ann. § 2-7901a). This amendment specifically empowered city and county governments to provide various services, including parking and library services, and further provided that "no city or county may exercise any such powers or provide any such service here listed inside the boundaries of any other local governments except by contract with the city or county affected unless otherwise provided by any local or special law. . ." While it is true that this language does not in any way restrict the manner in which such contracts may be made, "[t]here is no indication in the 1972 amendment . . . that the grant of power to counties and municipalities to provide certain services, and to enact ordinances to effectuate the powers given, was intended to preclude the General Assembly from enacting general laws affecting the manner in which the powers would be exercised." *City of Atlanta v. Myers,* 240 Ga. 261, 264 (240 SE2d 60) (1977).[1] Since the 1937 statute merely sets forth the manner in which contracts between cities and counties regarding the provision of library services are to be executed, we hold that it does not conflict with the 1972 amendment to the 1945 Constitution. We further note that the

---

[1] The following proviso, in pertinent part was added to the language of the 1972 amendment when it was incorporated into Article 9 § 4 ¶ 2 of the 1976 Constitution (Code Ann. § 2-6202): "[N]othing contained within this Paragraph shall operate to prohibit the General Assembly from enacting general laws relative to the above subject matters or to prohibit the General Assembly by general law from regulating, restricting or limiting the exercise of the above powers, but, the General Assembly shall not have the authority to withdraw any such powers." Virtually the identical language was incorporated into Article 9 § 2 ¶ 3 (c) of the 1983 Constitution (Code Ann. § 2-4903).

amendment may not even have been applicable to the transaction. It was ratified on November 7, 1972, whereas the contract was executed in July of that year.

3. The county contends that regardless of whether it was authorized by the 1972 agreement to operate the city's public library system, it was nevertheless empowered to condemn the property in question pursuant to Article 9 § 5 ¶ 4 of the Constitution of 1976 (Code Ann. § 2-6401), which granted to counties the general authority "to exercise the power of eminent domain for any public purpose."[2]

The validity of the public purpose for which property is condemned normally is not open to question so long as the property will be available for use by the public as a matter of right, and so long as the decision to condemn has not been made fraudulently or in bad faith. See generally *Austin Enterprises v. DeKalb County,* 222 Ga. 232 (1) (149 SE2d 461) (1966); *City of Atlanta v. First Nat. Bank of Atlanta,* 246 Ga. 424 (271 SE2d 821) (1980). However, where the condemning authority seeks to exercise the power of eminent domain within the territorial limits of another governing body, an additional restriction has been held to apply. "The extra-territorial exercise of the right of eminent domain as an 'implied' power is authorized only if it is 'reasonably necessary' to a condemnor's successful completion of an undertaking initiated pursuant to its express grant of authority over a subject matter within its jurisdiction." *Mallory v. Upson County Bd. of Education,* 163 Ga. App. 377, 381 (294 SE2d 599) (1982).

The county had specific authority under the 1976 Constitution to provide both library and parking services; however, it could do so within the boundaries of another local government only by contract with the government involved. Constitution of 1976, Article 9 § 4 ¶ 2 (Code Ann. § 2-6202).[3] There was no contract between the city and the county with respect to the provision of parking services generally, and we have previously held that the contractual provision regarding the provision of library services was fatally defective. Thus, there has been no showing that the acquisition of the property is reasonably necessary to the performance of an undertaking which the county is expressly authorized to perform within the city limits, and we must conclude that this condemnation action was properly dismissed.

---

[2] Article 9 § 2 ¶ 5 of the 1983 Constitution (Code Ann. § 2-4905) confers identical powers upon both counties and municipalities.

[3] This paragraph of the 1976 Constitution is basically identical to the 1972 amendment to the 1945 Constitution. The same restriction appears in Article 9 § 2 ¶ 3 of the 1983 Constitution (Code Ann. § 2-4903).

4. The issues raised in the cross-appeal are rendered moot by the foregoing.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983.

*William S. Lee,* for appellant.
*Robert D. Goldsmith, Hilliard P. Burt,* for appellees.

ON MOTION FOR REHEARING.

On motion for rehearing, the appellee takes issue with our statement in Division 1 to the effect that the filing of a motion to set aside does not extend the time for filing a notice of appeal, quoting the Supreme Court's decision in *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70) (1976), as follows: "There is, however, at least one motion not enumerated in [OCGA § 5-6-38 (a) (Code Ann. § 6-803)] which has the effect of extending the time for filing a notice of appeal, to wit: a motion to set aside a judgment." In fact, *Johnson v. Barnes* contains no such language. The language which the appellee purports to quote actually reads as follows: "There is, however, at least one motion not enumerated in [OCGA § 5-6-38 (a) (Code Ann. § 6-803)] *which is itself, when overruled, appealable,* to wit: a motion to set aside a judgment." *Id.* at 503-504. (Emphasis supplied.)

The type of motion to set aside to which this language refers is one made pursuant to OCGA § 9-11-60 (d) (Code Ann. § 81A-160). Such a motion to set aside must be based either on a nonamendable defect apparent on the face of the record or pleadings or on a lack of personal or subject matter jurisdiction. Unlike a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict, it need not be brought within 30 days of entry of the judgment complained of. A motion to set aside based on a nonamendable defect may be brought at any time within three years of the entry of the judgment complained of, and a motion to set aside based on lack of jurisdiction over the person or subject matter is subject to no time limitation at all. See OCGA § 9-11-60 (f) (Code Ann. § 81A-160).

The "motion for rehearing" filed by the county in the trial court did not purport to be based either on a nonamendable defect or on a lack of jurisdiction but was simply a request for the trial court to reconsider its decision. The denial of such a motion is not appealable in its own right pursuant to OCGA § 9-11-60 (d) (Code Ann. §

81A-160), and we reiterate that the filing of such a motion does not extend the time for filing a notice of appeal. See *Anton v. Garvey,* 160 Ga. App. 157 (286 SE2d 493) (1981).