### 70588. WICKER v. HARRISON.
(332 SE2d 366)

BANKE, Chief Judge.
The trial court dismissed this action on January 25, 1984, based

on a finding that the appellant had not exercised due diligence to perfect service of the complaint prior to the expiration of the applicable statute of limitation. On February 24, 1984, the appellant filed a notice of appeal to this court from that order. On July 2, 1984, the appellee moved to dismiss the appeal based on an alleged delay in the transmittal of the record occasioned by the appellant's failure to pay costs in a timely manner. See generally OCGA § 5-6-48 (c). The appellant then filed a motion on August 22, 1984, asking the trial court to vacate or amend its dismissal order of January 25, 1984. On August 30, 1984, the trial court dismissed the appeal, finding that appellant's failure to make timely payment of the costs was both unreasonable and inexcusable. No appeal was taken from this order, and on January 4, 1985, the trial court denied the appellant's motion to amend or vacate the original dismissal order. It is from that order that the appellant filed this appeal. *Held*:

"A review of the [appellant's] motion [in connection with the entire record] reveals it to be simply a motion for reconsideration of the previous dismissal entered by the trial court. It does not allege either lack of jurisdiction or the existence of a non-amendable defect appearing on the face of the record. Consequently, the filing of the motion did not extend the time for filing the appeal, nor was its denial appealable in its own right. [Cits.]" *Anton v. Garvey*, 160 Ga. App. 157 (286 SE2d 493) (1981). The appeal is accordingly dismissed for lack of jurisdiction.

*Appeal dismissed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 6, 1985.

*Robert John White*, for appellant.
*Stephen A. Friedman, E. J. Van Gerpen, Malcolm C. McArthur*, for appellee.