BLACKMON *et al. v.* GULF LIFE INSURANCE CO. *et al.*

No. 9975. August 8, 1934. Rehearing denied September 25, 1934.

344

*Atkinson & Allen,* for plaintiffs.
*Love & Fort* and *Luther M. Wyatt,* for defendants.

**350**

BELL, J. ■ Contracts intended to defeat or lessen competition or to encourage monoply are illegal and void. Civil Code (1910), § 6466. While the burial policy issued by the defendant insurance company appears from the allegations to be a competitive instrument and to this extent might be favored by the law, yet as against a general demurrer the petition sufficiently alleged an intention on the part of the defendants to create a monopoly, and the actual creation by them of an illegal combination to drive the plaintiffs, and others in like circumstances, out of the undertaking business, and to secure for themselves entire control of such business in a specified territory, with the intended result that competition would be destroyed and the defendants enabled to set their own prices and to determine to their own interests the quality of the funeral to be furnished to the policyholder. Although an *agreement* may have the temporary effect of exciting competition, if its ultimate aim is to destroy competition and it may in fact have that tendency, it is void as being injurious to the public and against public policy. The vice is in the combination or agreement. *State* v. *Central of Georgia Railway Co.,* 109 *Ga.* 716 (35 S. E. 37, 48 L. R. A. 351) ; *Brown & Allen* v. *Jacobs' Pharmacy Co.,* 115 *Ga.* 429 (41 S. E. 553, 57 L. R. A. 547, 90 Am. St. R. 126) ; *Southern Ice & Coal Co.* v. *Atlantic Ice & Coal Cor.,* 143 *Ga.* 810 (85 S. E. 1021) ; Love *v.* Kozy Theatre Co., 193 Ky. 336 (236 S. W. 243, 26 A. L. R. 364).

■ The act of March 24, 1933 (Ga. L. 1933, p. 186), provides that "it shall be unlawful for any person, firm, or corporation engaged in life-insurance business or in the industrial life-insurance business to contract for or to receive any compensation or gratuity, directly or indirectly, on account of employment of any undertaker in connection with a burial or preparation for burial of any person whose life is insured by said company; and it shall also be unlawful for such undertaker to give or agree to give any such compensation or commission to such person, firm, or corporation engaged in the insurance business." As against the general demurrer the petition sufficiently alleged a violation of this statute.

■ It appearing from the allegations that the plaintiffs were engaged respectively in the undertaking business and were suffering special injury from the alleged illegal combination and unlawful acts of the defendants, they were entitled to maintain the suit

for injunction in their own names, without first seeking relief from the insurance commissioner, and without abiding the action of this or any other officer in behalf of the State. Civil Code (1910), § 4455; *Employing Printers Club* v. *Doctor Blosser Co.*, 122 *Ga.* 509 (4) (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. R. 137, 2 Ann. Cas. 694); 41 C. J. 186, § 195.

■ The petition stated a cause of action for some of the relief sought; and therefore it was error to sustain the general demurrer. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*

### ON REHEARING.

The decision rendered in this case is not contrary to anything decided in *Palmer* v. *Atlantic Ice & Coal Co.*, 178 *Ga.* 405 (173 S. E. 424). It appeared in that case that the plaintiff had ceased to conduct the business alleged to have been injuriously affected by the illegal combination, and in these circumstances his petition was the same as if it had been presented by any citizen; and this is true even though he may have been forced to discontinue business by reason of such illegal combination. Equity will not attempt to enjoin a past transaction. *Georgia Pacific Railway* v. *Douglasville*, 75 *Ga.* 828; *Bigham* v. *Yundt*, 158 *Ga.* 600 (123 S. E. 870). The decision in the *Palmer* case quoted a statement from a foreign decision to the effect that a contract or agreement in general restraint of trade is not actionable at the instance of third parties. It is true that the plaintiffs here were not parties to the contract, but it is further true that they are not seeking to found an action upon it. Nor does the type of policy under consideration constitute the ground of their complaint. The thing to which they have made objection and against which they seek an injunction is the alleged illegal combination by the defendants to drive the plaintiffs, and others in like circumstances, out of business, with the intention on the part of the defendants to secure for themselves entire control of the particular class of business, to the end that competition would be destroyed and the defendants enabled to arbitrarily fix their own prices. Although the policy within itself and without extraneous condition may appear to be a perfectly lawful contract, yet if the defendants have built upon it a combination such as that described in the petition, the plaintiffs, if specially injured by such

combination, would be entitled to an injunction. As against a mere general demurrer, the petition sufficiently alleged such illegal intention and combination on the part of the defendants. *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (2) (99 S. E. 123); *Barron G. Collier Inc.* v. *Bailey,* 31 *Ga. App.* 197 (120 S. E. 427). The plaintiffs, of course, will have the burden of proving these elements.

It is not a good reply to the petition that the plaintiffs themselves are at leave to offer to the public the same kind of contract as that embodied in the funeral policy which is being issued by the defendants, since it is alleged that the funeral service is being offered by the defendants at less than actual cost, and that this is done for a purpose and under conditions prohibited by law. Bearing in mind again that the question for decision is as to the sufficiency of the petition to withstand a general demurrer only, we think the allegations contain enough to show such special injury to the plaintiffs as to enable them to sue in their own names. Cf. *Brown* v. *Atlantic & Birmingham Railway Co.,* 126 *Ga.* 248 (6) (55 S. E. 24, 7 Ann. Cas. 1026). The conclusions reached in the present case accord not only with the decision in the *Palmer* case, supra, but with each of the previous decisions by this court cited therein. See also: *Employing Printers Club* v. *Doctor Blosser Co.,* supra; *Trust Co.* v. *Ray,* 125 *Ga.* 485 (54 S. E. 145); Anderson *v.* Shipowners' Asso., 272 U. S. 359 (47 Sup. Ct. 125); Bedford Stone Co. *v.* Journeymen Stone Cutters Asso., 274 U. S. 37 (47 Sup. Ct. 522); Tallahassee Oil Co. *v.* Holloway, 200 Ala. 492 (76 So. 434, L. R. A. 1918A, 280); Reeves *v.* Decorah Farmers Society, 160 Iowa, 194 (140 N. W. 844, 44 L. R. A. (N. S.) 1104); Campbell *v.* Motion Pictures Machine Operators, 151 Minn. 220 (186 N. W. 781, 27 A. L. R. 631); 19 R. C. L. 206.

From what has been said it is our opinion that the petition would have stated a cause of action without reference to the act of March 24, 1933. In this view, it is unnecessary to determine whether the allegations with reference to the violation of that statute would, if standing alone, have been sufficient to state a cause of action. It is apparent that this statute was aimed at discouraging monopoly, and its alleged violation would not be entirely irrelevant when considered with the other allegations as to illegal combination.

The petition assails the policy contract for some alleged defects which do not in the slightest degree concern the plaintiffs, and is

otherwise burdened with irrelevant matter; but we think it was not so wanting in substance as to be subject to dismissal on general demurrer.

*Judgment adhered to on rehearing. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*