20404. COASTAL BUTANE GAS CO., INC., et al. v.
HAUPT et al.

CANDLER, Justice. The plaintiffs—three Georgia corporations and three named individuals—filed a petition for equitable relief in the Superior Court of Chatham County against W. G. Haupt and Bill Haupt Gas Service, Inc. Count one of the petition prayed that the defendants be temporarily and permanently enjoined from continuing to engage in a butane gas and appliance business in competition with the plaintiffs in any area served by them and that they be temporarily and permanently enjoined from using the corporate name "Bill Haupt Gas Service, Inc." or any name embracing the word "Haupt". And count two of the petition alleges facts and contains a prayer which need not be presently pointed out, since they are not related to the question presented for decision by the writ of error. There was no demurrer to the petition, and after a hearing the court refused to grant a temporary injunction. The exception is to that judgment. Held:

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to." Code § 55-108. It is certainly a part of the public policy of this State to suppress monopolies and to encourage competition. See Code (Ann ) § 2-2701. The evidence in this case shows that the three individual plaintiffs and the individual defendant are brothers. They were the incorporators of the three plaintiff corporations, and each owns an equal amount of its corporate stock. They disagreed on business policies and practices, and the defendant W. G. Haupt and two other persons secured a charter for the competing corporation and are the holders of its stock. He resigned from his official positions as treasurer and director of the plaintiff corporations. There is no evidence that the defendant Haupt is using any of the funds or facilities of the plaintiff corporations in the operation of the new corporation's activities, and there is no contention, either by pleading or evidence, that he is insolvent or that he has by contract or agreement obligated himself not to engage in a competitive business with the plaintiff corporations. When this litigation was instituted and when the judgment denying a

temporary injunction was entered, the defendant Haupt had no connection with the plaintiff corporations except that of a stockholder. In these circumstances it cannot be said by this court that the trial judge abused his discretion in denying a temporary injunction. Hence the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1959—DECIDED APRIL 9, 1959.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Aaron Buchsbaum,* for plaintiffs in error.

*Dickey & Futrell, Oliver, Davis & Maner,* contra.