## 53723. COLUMBUS, GEORGIA v. TROUP COUNTY ELECTRIC MEMBERSHIP CORPORATION.

SMITH, Judge.

This case involves a construction of § 13 (a) of the Electric Membership Corporation Act (Ga.L. 1960, pp. 5, 6 (Code Ann. § 34B-117.1)) in view of the city-county governmental entity created by the Charter of Columbus, Georgia. Ga. L. 1971, Ex. Sess., p. 2007 et seq. The E.M.C. Act requires a percentage-of-sales contribution by "[e]ach cooperative serving members within . . . the corporate limits of a municipality. . ." Columbus brought this action against Troup County E.M.C. following Troup E.M.C.'s refusal to contribute a percentage of sales made in the area which, prior to the new Charter, was unincorporated Muscogee County. From the trial court's denial of

Columbus' motion for summary judgment, Columbus has brought this appeal. We affirm the trial court.

This case is controlled by the decision of the Supreme Court in *Troup County Electric Membership Corp. v. Ga. Power Co.*, 229 Ga. 348 (191 SE2d 33). The court, considering a different section of the E.M.C. Act, held that though Columbus "possesses by virtue of its charter, broad municipal powers it is not such a city, town or village as was contemplated by the legislature in enacting § 2 (8) of the Electric Membership Corporation Act." 229 Ga. 353. The Supreme Court recognized Columbus as a "new political entity" rather than as a municipality: "This court will not declare that to be a city, town or village, which the legislature has not seen fit to designate as such." Id.

Section 13 (a) of the E.M.C. Act, which we are concerned with here, and § 2 (8), which the Supreme Court was concerned with, were enacted together in 1960 as amendments to the E.M.C. Act. Ga. L. 1960, pp. 5, 6. If the area encompassed by Columbus is not a "city, town, or village" for one part of that enactment, then surely it is not a "municipality" for another part. It cannot be said, then, that the formerly unincorporated areas of Muscogee County were "annexed to and included in" the boundaries of a "municipality." Nor could it be said that they were *annexed* to anything, for there was no annexation, but merely a redefinition of the governmental units in the county.

Since the Troup County E.M.C. is not liable for contribution for sales in these formerly unincorporated areas, the trial court correctly denied Columbus' motion for a summary judgment. Our decision here, like the Supreme Court's decision, leaves Troup County E.M.C. in substantially the same position it occupied prior to formation of the unique Columbus government. This result, we believe, is most compatible with the legislature's intent.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED JULY 7, 1977 —
REHEARING DENIED JULY 29, 1977 —

*E. H. Polleys, Jr., Lennie F. Davis,* for appellant.

*Wyatt, Wyatt & Solomon, L. M. Wyatt, Charles Solomon, Jr., James C. Brim, Jr.; Morgan M. Robertson,* for appellee.