## 55539. EUGENIA COTTON COMPANY, INC. v. COLUMBUS, GEORGIA, BOARD OF TAX ASSESSORS.

BIRDSONG, Judge.

The issue in this appeal is whether the Columbus, Georgia Board of Tax Assessors (Tax Board) may assess an ad valorem tax on certain cotton owned by Eugenia Cotton Co., Inc. (Eugenia) and warehoused in a Columbus, Georgia "Urban Services District," (as defined by Ga. L. 1971, Ex. Sess., p. 2007 et seq.) and if so, the proper millage rate. Resolution of this issue is dependent upon a determination of the applicability of Code Ann. § 5-603 which states: "No municipal corporation shall levy or assess a tax on cotton . . . until after the expiration of three months from the time of their introduction into said corporation." *Held:*

1. "A careful reading of the Charter of Columbus, Georgia (Ga. L. 1971, Ex. Sess., p. 2007 et seq.) shows that the governmental entity thereby created, while possessing many of the attributes of a city, and being granted municipal powers as extensive as any city, nevertheless also has the powers and attributes of a county. . . The charter of Columbus, Georgia studiously avoids designating the new political entity as a city, town, or village." *Troup County Elec. &c. Corp. v. Ga. Power Co.,* 229 Ga. 348, 353 (191 SE2d 33). However, counties are local, legal, political subdivisions of the state and cannot be abolished as such by mere legislative action. Id. Thus,

the creation of the political entity "Columbus, Georgia" did "... not amount to the abolition of [Muscogee] county itself." Id., p. 353. Moreover, the Charter of Columbus, Georgia (Charter) provides: "Any successor government created and established hereunder shall... be and become the owner of all... rights previously belonging to the City of Columbus and Muscogee County." It follows, therefore, that Muscogee County, by whatever name designated, did not by consolidation with the City of Columbus lose its power to assess ad valorem taxes.

2. While a county may levy and assess ad valorem taxes on cotton, a municipal corporation's ability to do so is limited by Code Ann. § 5-603. Nevertheless, the Tax Board of "Columbus, Georgia," an amorphous political entity, seeks to utilize "county" status to tax cotton located within the "Urban Services District" (formerly known as a "municipal corporation") at rates higher than those prevailing outside the "Urban Services District."

The Charter of Columbus, Georgia expressly declares: "[T]he consolidated government shall have all rights, powers, *duties* . . . that may be now vested in or hereafter granted to counties or *municipal corporations,* or both, by the Constitution of Georgia and laws of this State... " (Emphasis supplied.) The Charter also states: "The Constitution and general laws of the State of Georgia according to the jurisdiction, powers, authority, *duties* and responsibilities of or otherwise referring to *municipal corporations* . . . shall be applicable to the consolidated government." (Emphasis supplied.) Finally, the Charter provides: "If a law applicable to municipalities and the same or another law applicable to counties are in conflict, the Urban Services District shall be considered a municipality, and the General Services District shall be considered a county."

The foregoing Charter provisions, now general laws of this state, create a political entity of Columbus, Georgia, possessing the characteristics of both a municipal corporation and a county. As a municipal government, the conclusion is possible that Columbus, Georgia is subject to the exemption imposed by Code Ann. § 5-603, and is therefore prohibited from assessing any tax whatsoever from appellant. As a county government,

the exemption would have no application. We are aware, however, that this court has stated: "[T]he exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show it was the intention of the legislature. [Cit.]" *Warestores, Inc. v. Nash,* 125 Ga. App. 210, 211 (186 SE2d 806). The legislature having remained silent with regard to the applicability of Code Ann. § 5-603 to consolidated city-county governments, it could be said that it is inapplicable to appellant.

It strains neither reason nor logic to conclude that it is from the higher rate of taxation that the Tax Board would impose upon appellant, that the legislature exempted cotton in Code Ann. § 5-603. Thus, although the county retains the right to assess ad valorem tax, it may not assess that tax at the higher "Urban" rate thereby subverting the intent of the legislature via consolidation of city and county governments. Accordingly, the judgment of the trial court is affirmed on condition that the ad valorem assessment made upon appellant's property be modified to conform with millage rates prevailing outside the "Urban Services District."

*Judgment affirmed on condition. Bell, C. J., and Shulman, J., concur.*

Argued February 28, 1978 — Decided June 23, 1978.

*Page, Scrantom, Harris, McGlamry & Chapman, E. Lowry Reid, Jr., S. Davis Laney,* for appellant.
*Lennie F. Davis, Thomas N. Austin,* for appellee.