33622. CITY OF MOUNTAIN VIEW et al. v. CLAYTON COUNTY et al. 33623. BOLTON v. CITY OF MOUNTAIN VIEW et al. 33625, 33626. LOGAN et al. v. STRICKLAND et al.; and vice versa.

UNDERCOFLER, Presiding Justice.

Georgia L. 1978, p. 3003, a local Act, approved January 20, 1978, repealed the City of Mountain View's charter. Ga. L. 1956, p. 2518. Officials of Mountain View and persons holding city alcoholic beverage licenses brought suits challenging the validity of the 1978 Act. They contend that (1) the publisher's affidavit certifying the publication of notice of intention to introduce into the General Assembly local legislation to repeal Mountain View's charter does not comply with the requirements of the Georgia Constitution, (2) a city charter may not be repealed without a referendum, (3) a city charter may not be repealed by a local Act, (4) the repeal of a city charter is prohibited by the "home rule" provisions of the Georgia Constitution, and (5) the 1978 Act repealing Mountain View's charter impairs the obligation of contracts. The trial court held the 1978 Act valid. We affirm.

1. Appellants argue that the publisher's affidavit[1]

---

[1] The Affidavit of Publication attached to the

attached to the 1978 enrolled Act does not comply with the Georgia constitutional mandate[2] because it failed to state (1) that the notice was published "as provided by law," (2) that the News/Daily is a newspaper in which sheriff's advertisements for the locality are published, and (3) the year of the first two dates of publication, to wit: "December 20, 27," is not shown.

---

enrolled bill and made a part of the statute reads as follows: "State of Georgia, County of Clayton. Personally appeared before the undersigned Jim Wood, Publisher, who on oath says that he is Publisher of News/Daily, and that the legal advertisement which appears below was published in said newspaper on the following dates: December 20, 27 and January 3, 1978. Jim Wood (Seal), /s/ Jim Wood, Publisher.

"Notice of Intention to Introduce Local Legislation. Notice is hereby given that there will be introduced at the regular 1978 session of the General Assembly of Georgia, a bill to repeal the Act incorporating the City of Mountain View in the County of Clayton, Georgia, approved February 23, 1956 (Ga. L. 1956, p. 2518), as amended, and for other purposes.

This 20th day of December, 1977.

/s/     Rudolph Johnson
        Representative, 72nd District
/s/     William J. Lee
        Representative, 72nd District
/s/     Jim Wood
        Representative, 72nd District
/s/     Jimmy Benefield
        Representative, 72nd District
/s/     Terrell A. Starr
        Senator, 44th District"

[2] "No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the newspaper in which the Sheriff's advertisements for the locality affected are published, once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly. No local or special bill shall become law unless

An affidavit of publication of notice of intention to introduce a local Act into the General Assembly is essential to its validity. *Smith v. McMichael,* 203 Ga. 74 (45 SE2d 431) (1947). It certifies that the local people were notified of the proposed legislation as required by law. However, no particular form of affidavit is required. It suffices if a reasonable interpretation shows compliance with the constitutional provision. In our opinion the affidavit here is adequate. The newspaper in which the notice appeared is named. The publisher certified that the notice was a "legal advertisement" which is tantamount to certifying that the newspaper was the official organ of the county in which sheriff's advertisements are published. The notice is dated December 20, 1977, a Tuesday. The publisher certified the notice was published "December 20, 27 and January 3, 1978." We take judicial notice that these dates are successive Tuesdays. It is apparent that December 20 is December 20, 1977, the date of the notice itself, and that the notice was published again the following Tuesday, December 27, 1977, and finally the following Tuesday, January 3, 1978, after which the Act was introduced into the General Assembly on January 9, 1978. *Cain v. Lumpkin County,* 229 Ga. 274 (190 SE2d 910) (1972). Appellants do not claim the affidavit is fraudulent. We find the affidavit shows publication in the newspaper in which sheriff's advertisements for the locality affected are published once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly "as provided by law." The constitutional provision has been satisfied here.

2. Appellants argue the General Assembly does not have the power to abolish the charter of a municipality without a referendum submitted to the people of the area affected because this violates the constitutional provision

---

there is attached to and made a part of said bill a copy of said notice certified by the publisher, or accompanied by an affidavit of the author, to the effect that said notice has been published as provided by law. . ." Ga. Const., 1976, Art. III, Sec. VII, Par. IX (Code Ann. § 2-1309).

prohibiting the abolishing of elective office during term.[3] This provision was intended to correct an evil often practiced in this state, i. e., the use of local legislation specifically directed to amending or abolishing the term of a specified elective office to remove an incumbent or prolong his tenure. See Records of the Constitutional Commission, 1943-44, Vol. I, pp. 351-352. This language may not be extended by implication to place a restraint upon the general power of the General Assembly to create or abolish the charters of municipal corporations, either by local or general law.

". . . [M]unicipalities are creatures of the legislature, and their existence may be established, altered, amended, enlarged or diminished, or utterly abolished by the legislature." *Troup County Elec. Membership Corp. v. Ga. Power Co.*, 229 Ga. 348, 352 (4) (191 SE2d 33) (1972) and cits.

3. Appellants argue that the General Assembly has provided for the self-government of municipalities by general law, as authorized by the Georgia Constitution[4] and it may not now legislate in this area by local Act. We do not agree. Appellants overlook Ga. L. 1965, p. 298 (Code Ann. § 69-1016) wherein the General Assembly specifically reserved the right to dissolve municipalities

---

[3]". . .No office to which a person has been elected shall be abolished, nor the term of the office shortened or lengthened by local or special bill during the term for which such person was elected unless the same be approved by the people of the jurisdiction affected in a referendum on the question. . ." Ga. Const. 1976, Art. III, Sec. VII, Par. IX (Code Ann. § 2-1309).

[4]"The General Assembly is authorized to provide by law for the self-government of municipalities and to that end is hereby expressly given the authority to delegate its powers so that matters pertaining to municipalities may be dealt with without the necessity of action by the General Assembly. Any powers granted as provided herein shall be exercised subject only to statutes of general application pertaining to municipalities." Ga. Const., 1976, Art. IX, Sec. III, Par. I (Code Ann. § 2-6001).

by local Act.[5] *Lee v. City of Jesup,* 222 Ga. 530 (150 SE2d 836) (1966). See also *State of Ga. v. Golia,* 235 Ga. 791 (222 SE2d 27) (1976); *Bruck v. City of Temple,* 240 Ga. 411 (240 SE2d 876) (1977). Ga. L. 1947, p. 1545 (Code Ann. § 69-105), is inapposite. It authorizes the superior court to dissolve municipalities which have not functioned for a period of ten years.

4. There is no merit in appellants' argument that the "Supplementary Home Rule" provision of the Georgia Constitution[6] vests municipalities with almost autonomy and the General Assembly is powerless to withdraw the powers granted by the Constitution.

This provision provides uniformity of certain powers of municipalities, not autonomy. The General Assembly may not remove these powers in a random fashion. However, it does not operate to abolish the General Assembly's plenary power to create and dissolve municipal corporations. See *City of Atlanta v. Myers,* 240 Ga. 261 (240 SE2d 60) (1977).

5. The Act of the General Assembly revoking the charter of the City of Mountain View does not operate to impair the obligation of contracts claimed under by the parties in these actions in violation of state or federal

---

[5]"No municipality shall be incorporated, dissolved, merged or consolidated with any other municipality or municipal boundaries changed, except by local Act of the General Assembly or by such methods as may be provided by general law."

[6]"Except as otherwise provided in this Paragraph as to planning and zoning, nothing contained within this Paragraph shall operate to prohibit the General Assembly from enacting general laws relative to the above subject matters or to prohibit the General Assembly by general law from regulating, restricting or limiting the exercise of the above powers, but, the General Assembly shall not have the authority to withdraw any such powers. The General Assembly shall act upon the above subject matters only by general law." Ga. Const., 1976, Art. IX, Sec. IV, Par. II (Code Ann. § 2-6102).

Constitution. The offices of city judge, clerk and chief of police are public offices authorized under the charter of the City of Mountain View. The right of an incumbent to an office depends upon the law under which he holds. If the law is capable of being repealed, the right of the officer is gone. See *City Council of Augusta v. Sweeney,* 44 Ga. 463, 466 (1870); *Smith v. Abercrombie,* 235 Ga. 741, 749 (221 SE2d 802) (1975). Also, we have consistently held that holders of alcoholic beverage licenses do not acquire property rights when granted a beverage license under the police power. *McKown v. City of Atlanta,* 184 Ga. 221, 222 (190 SE 571) (1937). Such licenses also do not acquire the status of vested property rights as argued by appellants. See *Thacker v. Morris,* 196 Ga. 167 (26 SE2d 329) (1943). These licenses are not revoked as the result of an act of the issuing authority; therefore, Hornsby v. Allen, 326 F2d 605, and other federal cases dealing with due process issues are inapposite.

*Judgment affirmed in Cases Nos. 33622 and 33625; cross appeals in Cases Nos. 33623 and 33626 dismissed. All the Justices concur.*

ARGUED JUNE 12, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978 IN CASES NOS. 33622 AND 33625.

*Wesley R. Asinof,* for appellants (Case No. 33622).

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General, Glaze, McNally & Glaze, George E. Glaze, Kirby A. Glaze, John R. McCannon,* for appellees (Case No. 33622).

*Michael J. Bowers, Senior Assistant Attorney General, Arthur K. Bolton, Attorney General,* for appellant (Case No. 33623).

*George E. Glaze, John R. McCannon, Wesley R. Asinof, Clarence L. Leathers, Jr.,* for appellees (Case No. 33623).

*Douglas N. Peters, Emory B. Bazemore,* for appellants (Case No. 33625).

*John R. McCannon, George E. Glaze, Arthur K.*

*Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellees (Case No. 33625).

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellants (Case No. 33626).

*George E. Glaze, John R. McCannon, Douglas N. Peters, Emory B. Bazemore,* for appellees (Case No. 33626).