46260. SIGNA DEVELOPMENT CORPORATION v. FAYETTE COUNTY et al.
(375 SE2d 839)

WELTNER, Justice.

Signa Development Corporation wished to develop its property, located in unincorporated Fayette County. Believing the county land use ordinances were too restrictive, Signa persuaded the City of Fayetteville to annex its property, and to grant to it the right to build on this property under a comprehensive development plan approved by the city. In 1988, before construction had begun on Signa's property, the General Assembly, acting under the authority of OCGA § 36-35-2 (a), changed the city limit of Fayetteville to exclude Signa's property. See Ga. L. 1988, pp. 4953-4960. The effect of this action by the General Assembly was to vitiate any authority of the city to permit devel-

opment of Signa's property. Signa filed a complaint for declaratory judgment seeking to have the 1988 Act held unconstitutional and void. The trial court denied relief.

1. OCGA § 36-35-2 (a) provides:

No municipal corporation shall be incorporated, dissolved, merged, or consolidated with any other municipal corporation, or have its municipal boundaries changed except by local Act of the General Assembly or such methods as may be approved by general law.

2. In *Troup County Electric Membership Corp. v. Ga. Power Co.*, 229 Ga. 348, 352 (4) (191 SE2d 33) (1972), we held: "[M]unicipalities are creatures of the legislature, and their existence may be established, altered, amended, enlarged or diminished, or utterly abolished by the legislature." See also *City of Mountain View v. Clayton County*, 242 Ga. 163, 166 (249 SE2d 541) (1978), where this language was quoted with approval.

Ga. L. 1988, pp. 4953-4960 is not unconstitutional for any of the reasons asserted by Signa.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

Despite active opposition to the annexation of Signa's 908 acres and five other tracts of land totaling 835 acres, the City of Fayetteville annexed the approximately 1700 acres under the "100% method," OCGA §§ 36-36-1 and 36-36-2, on November 2, 1987.

Signa was issued a permit in January 1988 to begin the first phase of its development. Both city and county citizens continued to voice opposition to the annexation, and they requested their delegation to the General Assembly to introduce legislation to de-annex the property.

Although approximately 1700 acres were annexed, the bill which ultimately de-annexed the property only de-annexed Signa's 908 acres. The other approximately 835 were left untouched.

The majority opinion is correct to a point, however; an act can be unconstitutional even though it is passed as a local act. There is nothing sacrosanct about legislation dealing with municipalities. Legislation can be, as it is here, unconstitutional because it denies one party, Signa, equal protection.

DECIDED FEBRUARY 2, 1989 —
RECONSIDERATION DENIED MARCH 2, 1989.

*Lipshutz, Greenblatt & King, Randall M. Lipshutz, Edward R. Greenblatt*, for appellant.

*David P. Winkle, William R. McNally, M. Van Stephens II, Michael J. Bowers, Attorney General*, for appellees.