A93A0378, A93A0379. CITY OF CALHOUN v. NORTH GEORGIA ELECTRIC MEMBERSHIP CORPORATION; and vice versa.
(433 SE2d 698)

BIRDSONG, Presiding Judge.

The City of Calhoun appeals from the grant of summary judgment to North Georgia Electric Membership Corporation in the City's efforts to collect a franchise fee from North Georgia EMC pursuant to City Ordinance No. 361. The trial court found that the City could not collect a franchise fee in this case because there was no franchise agreement between the parties. Although prevailing on the merits, North Georgia EMC cross-appeals the trial court's denial of the motion for summary judgment to the extent the motion contended the Georgia Territorial Electric Service Act prohibits the imposition of franchise fees. *Held*:

1. In *City of LaGrange v. Troup County EMC*, 200 Ga. App. 418, 419-420 (408 SE2d 708), this court held that a franchise is a contract creating property rights, that a city could not create such a contractual relationship by its unilateral act; and that in the absence of an agreement between the parties, a city could not collect a franchise fee from the EMC. As there is no material difference between the factual

circumstances here, *City of LaGrange v. Troup County EMC*, supra, is controlling. Consequently, the City of Calhoun is not entitled to a franchise fee, and the trial court did not err in so finding.

2. Although the City seeks to recover under theories of contracts implied in fact or law, neither of these theories is applicable here. *City of LaGrange v. Troup County EMC*, supra. At every opportunity the EMC has rejected the proposed franchise and has done nothing inconsistent with that position. Under these circumstances, the EMC has not accepted services from the City rendered under the purported franchise. This is not an instance in which the EMC has extended its service into the franchise area. On the contrary, since the passage of the City's franchise ordinance, the scope of the EMC's service in the city has remained constant or has decreased. Moreover, this is not an instance in which the EMC's presence in the city was the result of the EMC's expansion into the city. Instead, the City has annexed areas in which the EMC was already providing service.

3. In view of our decision on the main appeal, the cross-appeal, Case No. A93A0379, is dismissed as moot. OCGA § 5-6-48 (b); *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241); *Merrill v. Eiberger*, 198 Ga. App. 806 (403 SE2d 91).

*Judgment affirmed in A93A0378 and appeal dismissed in A93A0379. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 2, 1993 —
RECONSIDERATION DENIED JULY 15 & JULY 16, 1993 — ▮▮▮▮

*Alston & Bird, L. Clifford Adams, Jr., Robert J. Middleton, Jr., Bryan A. Downs, Bailey & Bearden, William P. Bailey, T. Joseph Campbell*, for appellant.

*Kinney, Kemp, Pickell, Sponcler & Joiner, L. Hugh Kemp, Robert C. Richardson, Jr., James C. Brim, Jr.*, for appellee.