A93A1471. ATHENS-CLARKE COUNTY v. WALTON ELECTRIC
MEMBERSHIP CORPORATION.
(439 SE2d 504)

BIRDSONG, Presiding Judge.

Athens-Clarke County appeals from a judgment declaring that it was not authorized to charge and collect franchise fees from Walton EMC in the previously unincorporated areas of Athens-Clarke County. This issue arises from Athens-Clarke County's efforts to collect franchise fees from the EMC after consolidation of municipal and county governments in what was formerly the City of Athens and Clarke County.

Before creation of Athens-Clarke County, utilities operating in the City of Athens paid franchise fees to the City, but Clarke County was not authorized to collect such fees. As Walton EMC operated

---

only in unincorporated Clarke County, it paid no franchise fees to the City.

The unification of Athens and Clarke County was achieved through consolidation of the governmental and corporate powers, duties, and functions vested in the City of Athens with the governmental and corporate powers, duties, and functions of Clarke County. The intended result was a single county-wide government with powers and jurisdiction throughout the territorial area of Clarke County which would supersede and replace the governments of the City of Athens and Clarke County. The county-wide government would be a new political subdivision of the state and would have all the governmental and corporate powers, duties, and functions formerly held by the City of Athens and by Clarke County, as well as the powers, duties, and functions provided in the unified charter. Section 1-101 (a) of the Charter of the Unified Government. It was to be both a municipal corporation and a county (Section 1-103) and was granted all rights, powers, duties, privileges and authority conferred or enlarged in the unified charter; those necessary and proper for carrying out the functions granted or enlarged therein; and also those, expressed or implied, that would then be vested in or hereafter granted counties and cities by the constitution, laws of the state, and/or the unified charter. Section 1-104 (c). Moreover, the unified charter provides that "in construing the applicability of provisions of the constitution and the general laws of Georgia which apply in general terms to either counties, municipalities or both, and local acts of the General Assembly that apply specifically to Clarke County, the City of Athens, or both, the following terms as used in such laws shall be construed to include the unified government as follows: (1) 'County' shall be construed to include Athens — Clarke County, Georgia; (2) 'City,' 'Town,' 'Municipal Corporation' or 'Municipality' shall be construed to include Athens-Clarke County, Georgia." Section 8-101 (c). *Held*:

Athens-Clarke County contends the trial court erred by declaring that Athens-Clarke County was a new governmental entity not authorized to charge and collect franchise fees from public utilities, including Walton EMC, erred by finding provisions of the charter of Athens-Clarke County ambiguous and striking the ambiguous provision, and also erred by declaring that the Georgia Territorial Electric Service Act (Territorial Act) (OCGA § 46-3-1 et seq.) prevented Athens-Clarke County from collecting the franchise fees.

Athens-Clarke County contends it is a municipal corporation and a county because the unified charter provides that the unified government shall be deemed a municipal corporation and a city throughout the territory of the unified government, and particularly in the formerly unincorporated area of Clarke County. See Section 1-103. This is supported by other provisions of the unified charter which grant

Athens-Clarke County the duties, powers, and authority of a municipal corporation and specifically authorized granting franchises to public utilities. Sections 1-104 (c) and 8-114 (10). Therefore, Athens-Clarke County argues that as the new governmental entity is both a municipality and a county, it is authorized to collect these fees as is any other municipality. The trial court, however, found that for Athens-Clarke County to exercise municipal powers throughout territorial limits of the former Clarke County, the legal entity of Clarke County could no longer exist. As the trial court found that neither the unified charter nor the enabling act could abolish Clarke County as a political entity (*Troup County EMC v. Ga. Power Co.*, 229 Ga. 348 (191 SE2d 33)), the trial court concluded that the requisite county abolition did not occur.

We reject this rationale but, for other reasons, we affirm the trial court's judgment. Under the authority granted in the 1983 Georgia Constitution, Art. IX, Sec. III, Par. II (a), the legislature consolidated the governmental and corporate powers and functions vested in the City of Athens with the governmental and corporate powers and functions vested in Clarke County, and the unified charter was drafted so that the power and functions of the county survived the consolidation of the governments.

For example, Section 1-103 of the charter provided that the unified government was to be both a municipal corporation and a county throughout the territory of the unified government, and numerous county functions are retained in the charter, e.g., the court system, the sheriff, the tax commissioner, etc. Thus, the unified charter did not attempt to abolish Clarke County, and the trial court correctly found that Clarke County continues to exist throughout the area of the county. See *Columbus, Ga. v. Troup County EMC*, 143 Ga. App. 118 (237 SE2d 603). Consequently, the result of the consolidation is the creation of a new political entity which is a hybrid of Clarke County and Athens. However, no portion of the Athens-Clarke County unified charter was ambiguous as the continued existence of Clarke County as a political entity was the intended result of the unified charter.

Additionally, the charter of the unified government differs materially from that considered in *Troup County EMC v. Ga. Power Co.*, supra at 353, in that this charter plainly states that the county government would continue after the consolidation and that the unified government would be a municipality throughout its area. As municipalities are creatures of the legislature, the legislature has the authority to alter, amend, or enlarge municipalities as contemplated by the unified charter. Id.

Although we do not adopt the trial court's reasoning on the status of the unified government, it does not follow that the unified gov-

ernment is authorized to charge a franchise fee. Under the Territorial Act neither a county performing or authorized to perform multiple and substantial municipal functions, including granting franchise rights to electric suppliers (OCGA § 46-3-3 (5)), nor a wholly new municipality resulting from the merger, consolidation, or combination of counties or municipalities (OCGA § 46-3-3 (13)) is a municipality under the Territorial Act. Since Athens-Clarke County plainly falls into both of these categories, it is not a municipality within the meaning of the Territorial Act which is authorized to charge franchise fees. Thus, appellant's argument based upon OCGA § 46-3-7 is misplaced.

Additionally, the authority to charge franchise fees granted in the unified charter also fails because it is in conflict with provisions of the general law. Ga. Const. 1983, Art. III, Sec. VI, Par. VI (a). The authority granted electric membership corporations to use highways, rights-of-ways, or easements (OCGA § 46-3-201 (b) (10)), the allocation of service areas pursuant to electric utilities in the Territorial Act, and the right to continue service under OCGA § 43-3-8 (b) all conflict with the grant of authority in Section 8-114 of the unified charter to grant or make franchises or contracts with public utilities and to prescribe conditions for those franchises and contracts. Therefore, to the extent any provision of the general law conflicts with the authority to grant franchises and charge franchise fees in the unified charter, those provisions of the charter are void. *Silverman v. Mayor &c. of Savannah*, 125 Ga. App. 41 (186 SE2d 447).

Further, although the issue was not raised on appeal, even if we were to find that Athens-Clarke County had the authority generally to charge franchise fees, for the reasons stated in *City of Calhoun v. North Ga. EMC*, 209 Ga. App. 547 (433 SE2d 698) and *City of LaGrange v. Troup County EMC*, 200 Ga. App. 418 (408 SE2d 708) it does not follow that the unified government can require Walton EMC to pay franchise fees in the absence of an agreement to do so.

Accordingly, although for different reasons, we find that the trial court correctly declared that Athens-Clarke County is not authorized to collect franchise fees from Walton EMC.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 3, 1993 — 

*Denny C. Galis, Ellen L. Whitaker*, for appellant.

*Lambert & Roffman, E. R. Lambert, Sutherland, Asbill & Brennan, James A. Orr, Paul, Hastings, Janofsky & Walker, Janet L. Kishbaugh*, for appellee.