S05A0828. BURTON-CALLAWAY v. CARROLL COUNTY BOARD OF ELECTIONS et al.

(619 SE2d 634)

SEARS, Chief Justice.

Dorothy Burton-Callaway appeals from an order of the Superior Court of Carroll County that upheld the validity of a referendum, as mandated by House Bill 1795, which shortened Burton-Callaway's term as a member of Carroll County's Board of Education. Burton-Callaway contends that the referendum did not comply with OCGA § 1-3-11, because the voters were not informed that their approval of

the bill would shorten her term in office by two years. Because the bill misled voters by stating that it would "provide for the continuation in office of [the Board of Education's] current members," when in fact the terms of some of those members would be shortened by two years, the referendum failed to satisfy OCGA § 1-3-11.

Under OCGA § 1-3-11,

> No office to which a person has been elected shall be abolished nor the term of the office shortened or lengthened by local or special Act during the term for which such person was elected unless the same shall be approved by the people of the jurisdiction affected in a referendum on the question.

This statutory section, and its constitutional predecessor, was intended to "correct an evil often practiced in this state, i.e., the use of local legislation specifically directed to amending or abolishing the term of a specified elective office to remove an incumbent or prolong his tenure,"[1] as well as to protect voters from election fraud. In order for the people of the jurisdiction to properly alter a duly elected local official's term, they must be informed of how their vote would affect such a change. In this case, however, the voters were not informed, either in the published legal notice concerning the referendum, or in the language of the referendum itself, that the terms of office for some of the current board members would be shortened.

The local bill, as well as the "Notice of Intention to Introduce Local Legislation," which was published in the County's legal organ, stated that it would "provide for the continuation in office of current members." In fact, however, the bill would not continue the terms of all the current members of the Board of Education, but would cause the terms of all current members to expire on December 31, 2004. In Burton-Callaway's case, that expiration date cut two years off of her elected term, thereby implicating OCGA § 1-3-11. In addition, the language on the ballot of the referendum itself made no mention of its effect on the terms of current board members, but asked only whether the voter wished to change the number of members on the Carroll County Board of Education, and if so, whether five or seven members was preferred. Voters were never informed, therefore, that their approval of the referendum would shorten Burton-Callaway's term by two years.

The Board of Elections contends that the referendum did not violate OCGA § 1-3-11 because the statute does not contain any specific requirement that voters be informed of the term-shortening

---

[1] *City of Mountain View v. Clayton County*, 242 Ga. 163, 166 (249 SE2d 541) (1978).

effect of their vote, and because the full text of the bill for which they were voting was available on the County's legislative website. The Board of Elections also cites to the general rule, with respect to constitutional amendments, that "constitutional amendments are not required to be printed on the ballot in toto."[2]

To affirm a referendum when voters were misinformed or completely uninformed of its effect, however, simply because voters could have learned of that effect had they visited a legislative website and read the entire bill, would vitiate the purpose of OCGA § 1-3-11 and open the door to fraud. If the law requires that a referendum be held before a certain action may occur, then certainly, to be valid, the referendum must accurately inform voters of its effect with respect to that action. Otherwise, it cannot be said that the referendum even qualified as a "referendum on the question,"[3] as required by the statute. This concern is especially poignant in this case, as voters were told that the bill would "provide for the continuation in office of [the Board of Education's] current members," when in fact it would shorten the term of some of those members by two years.

The people of Carroll County elected Burton-Callaway to a four-year term, which was scheduled to run from January 1, 2003 until January 1, 2007. If the voters of Carroll County wished to change Burton-Callaway's term in office, they could only do so under OCGA § 1-3-11 by virtue of a referendum. The safeguards for which that statute was enacted would be rendered meaningless if any referendum affecting the Board of Education, even a referendum that affirmatively misrepresented its effect, were sufficient. Accordingly, because voters were not informed that the effect of their approval of the referendum would be to shorten the term of office of some of the current members of the Carroll County Board of Education, the referendum did not satisfy the requirements of OCGA § 1-3-11. We therefore reverse and remand for proceedings consistent with this opinion.

Because we have found the referendum procedurally defective under OCGA § 1-3-11, we need not address Burton-Callaway's remaining contentions.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Gary P. Bunch*, for appellant.

---

[2] *Birdsey v. Wesleyan College*, 211 Ga. 583, 589 (87 SE2d 378) (1955), overruled on other grounds by *Vulcan Materials Co. v. Griffith*, 215 Ga. 811 (114 SE2d 29) (1960).

[3] OCGA § 1-3-11.

*David A. Basil, Price, Pyles, Dangel, Parmer & Rooks, Robert F. Dangle*, for appellees.