[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13322
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-03346-MHC


CYNTHIA NUNEZ COLLIER,

Plaintiff-Appellant,

versus

R.L. BUTCH CONWAY, Sheriff,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 7, 2016)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Cynthia Nunez-Collier, proceeding pro se, appeals the dismissal of her amended complaint against Sheriff R. L. Butch Conway, for failure to state a claim upon which relief may be granted.  Collier claims that Conway violated her substantive and procedural due process rights pursuant to 42 U.S.C § 1983 and O.C.G.A. § 36-33-4 when he ordered his deputies to evict her from her home.  On appeal, Collier argues that the district court erred in dismissing her complaint because (1) her state law claim is applicable to Conway because he is a county sheriff and thus a municipal officer, (2) she sufficiently alleged facts to prove violations of her procedural due process rights, and (3) Conway was not entitled to qualified immunity because he was acting outside the scope of his discretionary authority.   Upon review of the record and parties' briefs, we affirm.

We review "the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim" de novo and accept the factual allegations therein as true, "construing them in the light most favorable to the plaintiff." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  Dismissal is appropriate if the complaint, on its face, fails to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  We hold pro se pleadings to a lesser standard than attorney-drafted pleadings and construe them liberally.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

## I.

Section 1983 does not create any substantive rights, but instead "provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County*, 103 F.3d 1510, 1512 (11th Cir. 1997). Proceeding under § 1983 requires a plaintiff to show deprivation "of a federal right by a person acting under color of state law." *Id*. at 1513.

As an initial matter, Collier has abandoned any argument that the district court erred in dismissing her substantive due process claim by failing to address it in the brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). And, the district court did not err in dismissing Collier's procedural due process claim against Conway. Collier claims Conway violated her procedural due process rights because his officers evicted her while a dispossessory action was pending on appeal in state court.

A procedural due process violation is only cognizable under § 1983 "when the state refuses to provide a process sufficient to remedy the procedural deprivation." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc). Not only did adequate state remedies exist, Collier availed herself of them prior to this appeal when she prevailed in her first dispossessory action. Georgia law allows for a judgment in a dispossessory action to be appealed and provides for a supersedeas only after the filing of a notice of appeal *and* payment of costs

3

assessed in the trial court.  O.C.G.A. § 44-7-56.  Collier never alleged that she paid the required fees that were assessed in the trial court, which are necessary for her to remain in possession of the premises while the dispossessory action is on appeal. She cannot now rely on her own failure to take advantage of the available state remedies as the basis for her procedural due process claim.  *See Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (per curiam).  Because Collier failed to state a plausible procedural due process claim, we decline to address whether the district court properly concluded that Conway was entitled to qualified immunity for the claims against him in his individual capacity.

## II.

Collier also argues that § 36-33-4 is applicable to Conway even though he is a county sheriff and not a municipal officer.  Section 36-33-4 provides that "[m]embers of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law."  O.C.G.A. § 36-33-4.  Section 36-30-1 defines "municipal corporations" as being synonymous with "city," "town," "municipality," or "village".  O.C.G.A. § 36-30-1 (internal quotation marks omitted).  The Georgia Supreme Court has distinguished counties from municipalities, finding that counties are subdivisions of the State government, while "municipalities are

4

creatures of the legislature," whose "existence may be established, altered, amended, or utterly abolished by the legislature." *Troup Cty. Elec. Membership Corp. v. Ga. Power Co.*, 191 S.E.2d 33, 36–37 (Ga. 1972). Furthermore, according to the Georgia Constitution, a sheriff is not a city employee, but rather a county officer. *See* Ga. Const. Art. IX, § 1, ¶ III.

The district court did not err in dismissing Collier's state law claim on the grounds that O.C.G.A. § 36-33-4 was inapplicable. Section 36-33-4 applies only to municipalities and thus municipal officers. Collier failed to allege any facts in her amended complaint or cite any case law supporting her contention that Conway, as a county sheriff, was an officer of a municipal corporation. In distinguishing between counties and municipalities, Georgia law makes it clear that county officers are different than municipal officers. The district court properly dismissed the claim because Conway is not subject to the statute.

**AFFIRMED.**

5